Filed 7/6/21  P. v. Martinez CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092554 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F01514 |
| v. | |
| ANTHONY MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Anthony Martinez appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95.  He contends his conviction for attempted murder should have been eligible for relief under section 1170.95.  We affirm.

BACKGROUND

In 2003, a jury found defendant guilty of attempted second degree murder, discharging a firearm, two counts of assault with a semiautomatic firearm, possession of stolen property, first degree robbery, and first degree burglary.  The jury also found true

---

[1]    Undesignated statutory references are to the Penal Code.

1

firearm enhancement allegations.  The trial court sentenced defendant to an aggregate term of 33 years eight months in state prison.  Defendant appealed his conviction, which we affirmed.  (*People v. Martinez* (Feb. 20, 2007, C049234) [nonpub. opn.].)

In March 2019, defendant filed a petition for writ of habeas corpus in the trial court, seeking dismissal of his attempted murder conviction pursuant to section 1170.95.  The trial court ordered the writ petition be "construed as a . . . § 1170.95 petition in Case No. 03F01514 itself."  The court ruled defendant was not eligible for section 1170.95 resentencing because section 1170.95 applies only to defendants convicted of murder, not attempted murder.  The court, however, also found defendant may have an equal protection claim.  Accordingly, the court appointed counsel and directed both parties to submit briefs addressing the equal protection claim, as well as whether defendant was eligible for relief under section 1170.95.

Following submission of the parties' briefs, the trial court denied defendant's petition.  In reaching its decision, the trial court noted the Courts of Appeal were split on whether Senate Bill No. 1437 "has substantively abrogated the natural and probable consequences doctrine with respect to attempted murder."  But, the weight of authority compelled the court to find that section 1170.95 relief is not available to defendants convicted of attempted murder.

DISCUSSION

Defendant argues the Legislature intended to include attempted murder within the purview of Senate Bill No. 1437 (2017-2018 Reg. Sess.) and if it did not, the failure to do so violated equal protection principles.  We disagree.

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1(f).)  The bill amended section 188 to provide:

"Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now provides that a participant in the perpetration or attempted perpetration of a felony specified in subdivision (a) in which death occurs is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Senate Bill No. 1437 also added section 1170.95, which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).)

The trial court properly found defendant ineligible for relief because his conviction was for attempted murder. Section 1170.95 does not apply to attempted murder convictions. (*People v. Larios* (2019) 42 Cal.App.5th 956, 970 ["section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"], review granted Feb. 26, 2020, S259983.)

Defendant's arguments that section 1170.95 should be construed to apply to attempted murder are unconvincing. There is nothing in the language of the bill, resulting statutory language, or the legislative history indicating the Legislature intended to allow individuals convicted of attempted murder to petition for relief under section 1170.95. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175; see *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted Mar.

3

11, 2020, S259948.)  Indeed, attempted murder requires the intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing. (*People v. Smith* (2005) 37 Cal.4th 733, 739.)  Those who harbor an intent to kill and take a direct step toward the commission of that killing are not the less culpable petitioners section 1170.95 was designed to benefit.  (See § 189, subd. (e)(2).)  Thus the statutory language affirmatively demonstrates those convicted of attempted murder are excluded from the scope of section 1170.95 relief.

Moreover, the Legislature's decision not to include attempted murder does not violate equal protection because "those charged with, or found guilty of, murder are, by definition, not similarly situated with individuals who face other, less serious charges. [¶] . . . The Legislature is permitted to treat these two groups of criminals differently." (*People v. Lopez, supra*, 38 Cal.App.5th at pp. 1109-1110.)  "And there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions." (*People v. Medrano, supra*, 42 Cal.App.5th at p. 1018.)

Defendant's conviction for attempted murder is not eligible for relief under section 1170.95.

DISPOSITION

The trial court's order is affirmed.

/s/_____<br>Robie, J.

We concur:

/s/_____<br>Raye, P. J.

/s/_____<br>Duarte, J.

4